FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 20 2024

TAMMY H. DOWNS, CLERK

By: _____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

FOR AR KIDS                                                              Plaintiff

v.                        Case No. *4:24cv521-KGB*

TOWN OF ROSE BUD, ARKANSAS, and
SHAWN GORHAM, Mayor, Town of Rose Bud, in his official capacity        Defendants

### MOTION FOR TEMPORARY RESTRAINING ORDER

In this case, Plaintiff challenges a hastily enacted ordinance of the Town of Rose Bud, Arkansas ("the Town"), that restricts the ability of canvassers while on public land to obtain signatures in support of proposed constitutional amendments and ballot initiatives. The Town proposes to enforce this ordinance at its upcoming Summerfest, a large event that is put on by the Town and that will be held in a public park from June 20–22. Under the terms of the ordinance, persons or entities who wish to collect signatures for petitions may do so only within the confines of booths within the festival grounds at locations of Defendants' choosing. Moreover, the ordinance forbids the collection of signatures on any public property outside the enclosure of the festival.

Despite having planned for Summerfest since January 2024, Defendants did not introduce the ordinance until Friday, June 14, six days before the festival was to begin, and did not adopt an effective ordinance until the evening of Monday, June 17, three days before the festival is to begin. As alleged in the complaint and as further explained in the brief in support of this motion, context and timing make it

1

clear that, despite any surface neutrality, the ordinance was passed in an explicit effort to restrict the speech of canvassers who wish to ask citizens to sign ballot-question petitions, and most likely was passed to restrict the speech of certain ballot-question petitions, in particular. In any case, the ordinance, in and of itself, is not content neutral and improperly forbids speech in a public forum. For all these reasons, it violates the First Amendment.

Defendants intend to enforce the newly created ordinance at Summerfest, which begins at 4 p.m. today. Plaintiff thus requests a temporary restraining order under Fed. R. App. P. 65. Specifically, Plaintiffs request that the Court immediately enjoin Defendants from enforcing at Summerfest the ordinance or any policy restricting "political petitions."

As explained in the accompanying brief, without this injunction, Plaintiff will be irreparably harmed in its ability to collect an adequate number of signatures before the July 5 deadline established by state law. Plaintiff is likely to succeed on the merits of its First Amendment claims, and the balance of the equities favors protection of Plaintiff's First Amendment rights.

Undersigned counsel, John C. Williams, has been in contact with Rose Bud City Attorney Don Raney since the afternoon of June 18 in an attempt to resolve this dispute without litigation. On the afternoon of June 19, Mr. Raney made clear that the Town intends to enforce its ordinance as written. On the evening of June 19, Mr. Williams informed Mr. Raney of Plaintiff's intention to file this action on the morning of June 20 and to seek a temporary restraining order. He also sought Mr.

Ramey's availability for a June 20 hearing. Mr. Williams emailed Mr. Raney the complaint, motion for temporary restraining order, and brief in support the morning of June 20 before filing; Mr. Williams will email Mr. Raney file-marked copies after filing.

In support of this motion, Plaintiff relies on its Complaint for Injunctive and Declaratory Relief, the brief submitted in support of this motion, and the following exhibits:

1.    Exhibit A – Town of Rose Bud Ordinance No. 2024-03

2.    Exhibit B – 2024 Summerfest Vendor Rules and Regulations

3.    Exhibit C – Summerfest Vendor Application

4.    Exhibit D – Video of Rose Bud special Town Council meeting, June 14, 2024

5.    Exhibit E – Declaration of Steve Grappe

WHEREFORE, Plaintiffs respectfully request that the Court:

A.  Hold an emergency hearing on this motion;

B.  Issue a temporary restraining order that enjoins Defendants from enforcing Ordinance 2024-03 or any other policy that restricts entities or individuals from collecting signatures in support of ballot-question petitions; and

C.  Waive security for the temporary restraining order otherwise required under Fed. R. Civ. P. 65(c).

Dated: June 20, 2024                   Respectfully submitted,

JOHN C. WILLIAMS, ABN 2013233
Arkansas Civil Liberties
    Union Foundation, Inc.
904 W. 2nd St.
Little Rock, AR 72201
(501) 374-2842
john@acluarkansas.org

# BEFORE THE CITY COUNCIL OF THE CITY OF ROSE BUD, ARKANSAS

# ORDINANCE NO. 2024-○2

### AN ORDINANCE RECOGNIZING THE NEED TO RESTRICT AND CONTROL THE SOLICITATION BY BUSINESSES AND OTHER ENTITIES AT EVENTS HOSTED BY THE CITY OF ROSE BUD, ARKANSAS, DECLARING AN EMERGENCY AND FOR OTHER PURPOSES.

**Whereas,** the City of Rose Bud, Arkansas, from time to time hosts events and activities on city property to which the public, businesses and others are invited to attend, and

**Whereas,** such events are for the entertainment and fun of the public and citizens of Rose Bud, Arkansas, and

**Whereas,** from time to time certain business entities or religious entities or political entities desire to solicit business from the attendees or solicit joining its entity or solicit the signature of the attendees to political activities at such events for which the events were not intended, and

**Whereas,** the City Council of the City of Rose Bud, Arkansas, wants to regulate such solicitations by businesses and religious entities and political entities to a booth or rental spot selected and regulated by the City of Rose Bud, Arkansas, so such solicitations will not interfere or distract from the purpose of the events sponsored by the City of Rose Bud, Arkansas.

### NOW THEREFORE BE IT ORDAINED BY THE ROSE BUD CITY COUNCIL:

Section 1: That the City Council of Rose Bud, Arkansas, recognizes the need to regulate any type of solicitation for business or religious or political purposes at events and activities held on city owned property so such activities do not impede or disrupt the purpose of such city sponsored events or distract from the activities of the event being held or sponsored by the City of Rose Bud, Arkansas, by obstructing pedestrian traffic flow and to ensure the orderly flow movement of people in crowded areas of the event.

Section 2: That any business or religious or political entity desiring to solicit business, membership or signatures for any purpose will be required to rent a booth or spot as selected by the City of Rose Bud, Arkansas, at any such event from which and only from which such solicitation activities may be conducted.

Section 3: That no solicitation at any event on the property of the City of Rose Bud, Arkansas, by any entity or person may be conducted at any event hosted or sponsored or approved by the City of Rose Bud, Arkansas, except in the booth or spot rented by such entity for such event.

Exhibit A

Section 4. That all ordinances or parts of ordinances or resolutions adopted by the Rose Bud City Council in conflict herewith are hereby repealed including specifically Ordinance No. 2024- ◯\

Section 5: Emergency Clause- That there is a need regulate solicitation by any entity or person at any event on the property of the City of Rose Bud, Arkansas, which may be conducted or hosted or sponsored or approved by the City of Rose Bud, Arkansas, except in the booth or rental spot rented by such entity for such event and therefore it being necessary for the city council to create a procedure to allow any such solicitation as set forth hereinabove to preserve the public peace, health, safety and welfare of the City of Rose Bud, Arkansas, an emergency is hereby declared so that this Ordinance shall be in full force and effect form and after its passage.

**PASSED AND ADOPTED** this ⟍⟍ day of June, 2024.

_____
**SHAWN GORHAM, MAYOR**

**ATTEST:**

_____
**ROBIN HILL, RECORDER**

Exhibit A

# Town of Rose Bud, Inc. Summerfest 2024
# Vendor Rules & Regulations
# June 20-22

Setup will begin Wednesday morning June 19 and take down Saturday after the fireworks but no later than 11 pm.

Vendors booth must be staffed at all times.

2 passes ONLY are given for entry on vendor booths. All others will need to purchase a pass.

Vendors are responsible for their own merchandise if product broken/stolen. The Town of Rose Bud is not responsible for injury.

Display materials/signage must not protrude into isles or encroach on neighboring booths.

No political petitions allowed on city/school property.

No inappropriate behavior or conduct will be tolerated.

No illegal drugs or alcohol permitted.

Vendors are expected to clean up trash and debris.

Vendor must not sale any product other than what was approved.

Vendors are responsible for paying all state and local sales tax.

No Refunds will be given.

Exhibit B

# ROSE BUD SUMMERFEST
# VENDOR APPLICATION

---

Owner Name                          Contact #

---

Business Name                       Email

---

Items/Products for Sale/Offered

---

Require Electricity?        **Vendors must provide own electrical cords**

☐ Yes    ☐ No              110/30amp/50amp

Dates Attending

---

Vendors, officers, and members shall hold harmless and defend the Town of Rose Bud, Inc. and its agents, officers and volunteers from all liability, judgements, suits, costs and actions, including attorney's fees and all costs of litigation of every kind and description brought or rendered against Town of Rose Bud, Inc. as a result of loss, damage, or injury of persons or property by reason of any act of failure to act by its officers, members, or volunteers. I have read and understand the terms and conditions outlined in the accompanying Rules & Regulations and agree to abide by them.

_____         _____

Signature                           Date

FOOD VENDOR $100        CRAFT VENDOR $50

MADE PAYABLE TO:        **CITY OF ROSE BUD P.O. BOX 219, ROSE BUD, AR. 72137**

Exhibit C

Exhibit D, video of the Rose Bud special Town Council meeting on June 14, 2024, can be found at the following link:

https://www.facebook.com/cityofrosebud/videos/1014215600061184

DocuSign Envelope ID: 05F31182-8138-4985-9868-2389A4169D57

**<u>Declaration of Steve Grappe</u>**

I, Steve Grappe, state as follows:

1. I am the Secretary of For AR Kids, a Ballot Question Committee under Arkansas law. I am also the volunteer field director for our signature-collection efforts. For AR Kids was formed with the purpose of getting the Educational Rights Amendment of 2024 on the November 2024 ballot. The amendment, if approved by the people, would ensure that schools receiving public funds meet identical standards and would expand education access to more Arkansans, particularly to poor and disabled Arkansans.

2. To get our amendment on the ballot, we are required to collect 90,704 valid signatures from qualified electors in Arkansas. We have been canvassing for signatures since the Attorney General approved the wording of our proposed constitutional amendment on March 1, 2024. In my capacity as field director, I am deeply involved with organizing our efforts to collect signatures.

3. We are required to collect at least 90,704 signatures by July 5, 2024. These signatures must come from fifty different counties, and we must collect a specific number of signatures from each county, as determined by law and as established by the Secretary of State's office. For example, if we want White County to count toward the fifty-county requirement, we must collect 1,157 signatures from White County by July 5.

1

Exhibit E

DocuSign Envelope ID: 05F31182-8138-4985-9868-2389A4169D57

4. If we do not collect the required number of signatures by July 5, our amendment will not qualify for the ballot. If we do collect the required number, the Secretary of State's office may disqualify some signatures, but we will be permitted an opportunity to cure any deficiencies as long as the remaining valid signatures amount to at least 75 percent of the required amount. This means 75 percent oof total signatures (68,028) as well as 75 percent of signatures required in each of the fifty counties (e.g., 868 in White County). Because the Secretary of State's disqualification of signatures may result in the defeat of our amendment before it goes on the ballot, we strive to collect signatures well in excess of the required number.

5. Because we must collect so many signatures from so many places, it is crucial that we canvass at large events across the state that are likely to attract a significant number of qualified electors.

6. Rose Bud's Summerfest is an ideal canvassing location because thousands of people will attend. It is especially important that we canvass at Summerfest and at similar events in more rural areas because it helps us collect signatures in counties that would otherwise be more difficult to get. In this way, we can meet the fifty-county requirement.

7. I own a farm in Rose Bud and I am familiar with the grounds on which Summerfest will take place. I live on School Road a mile from the grounds where

2

DocuSign Envelope ID: 05F31182-8138-4985-9868-2389A4169D57

Summerfest takes place. I have been on the grounds several times and I'm familiar with its layout.

8. Summerfest occurs at the Rose Bud Sports Complex. The festival grounds are fenced off, and attendees must pay for admission. The gate for admission is at School Road, where the road bends and intersects with the Baseball Field Road. People will park up and down School Road as well as in the parking lots of the high school across the street and approach the gates on foot.

9. The entryway to the gate area has the character of a public space, with people traversing on foot before they reach the gate to the festival. Because it is an open public space, the entryway is an ideal area for us to collect signatures.

10. For AR Kids would like to canvass for signatures both within the enclosed festival grounds, without restriction, and outside the enclosed area near the festival gates.

11. The week of June 10, an organizer who works for us sent a request to the Town of Rose Bud stating that we would like to participate in Summerfest and asking whether the town has an application process. This is something we do for every festival we wish to attend.

12. On June 12, a city employee sent us an application and set of rules. The rules stated, "No political petitions allowed on city/school property." I immediately

3

DocuSign Envelope ID: 05F31182-8138-4985-9868-2389A4169D57

called Shawn Gorham, the Mayor, and said he can't do this. Shawn said he would call the council members and see what they want to do.

13. On June 14, the town council held a special meeting at which they purported to pass a new ordinance governing canvassers. I was concerned that the ordinance had been passed without proper notice, so I contacted Robin Hill, the recorder, who said she couldn't get the minutes until the July meeting. The council planned another meeting for June 17, at which it passed the ordinance again.

14. Also on June 17, we asked for clarification of rules and directions for the event. Robin Hill responded by including Section 2 of the new ordinance. That section says, "That any business or religious or political entity desiring to solicit business, membership or signatures for any purpose will be required to rent a booth or spot as selected by the City of Rose Bud, Arkansas, at any such event from which and only from which such solicitation activities may be conducted."

15. I have several concerns about this ordinance. First, it will severely restrict our ability to effectively collect signatures. It prevents us from requesting signatures in public areas at the entryway to the festival or within the festival grounds. Not only can we not ask for signatures in these locations; we cannot even ask attendees to come to our booth to sign a petition.

16. Second, I am concerned that the ordinance allows our opponents to advocate against signing our petition or to speak against our efforts throughout the festival

DocuSign Envelope ID: 05F31182-8138-4985-9868-2389A4169D57

grounds and at the entryway to the festival—precisely the areas where we are not allowed to ask for support.

17. In my experience, petition opponents this election cycle will show up and seek to interfere with our signature collection if they know we're active. At least twice in White County, we have had to deal with people who encourage people not to sign petitions. If petition blockers know we're going to be at Summerfest, they will be there, too.

18. Our inability to collect signatures at Summerfest outside the confines of our booth, wherever that happens to be, is extraordinarily harmful to our efforts to collect enough signatures for our amendment to appear on the ballot. White County is essential to our fifty-county push, as well as to our push to get 90,704 signatures. Being allowed full access to Summerfest is imperative to both goals.

19. Currently we need 835 more signatures from White County. I am confident that we can make the requirement in White County if we are allowed free access to collect signatures at Summerfest.

20. As for the requirement of 90,704 signatures, we currently have approximately 33,000 signatures in hand and approximately 30,000 more out with canvassers still in the field. That leaves us needing to collect approximately 27,704 signatures. If we can freely access big events, including Summerfest, we can get there. But if not, we are in danger of missing the cutoff. We will have to divert

5

our efforts to other counties and other events where signature collection is less
efficient.

21. We simply do not have enough time and manpower to cover White County
before the July 5 deadline unless we can access Summerfest. This is a make-or-
break weekend for White County. If we don't get the signatures there this
weekend, I don't think we'll be able to get them.

22. Summerfest begins at 4 pm on Thursday, June 20. We intend to be there then,
even if we're restricted to a booth. But to effectively collect the signatures we
need, we need free access to attendees as early as possible on Thursday.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 19, 2024

DocuSigned by:

8EE0B652D3BE46E…

Steve Grappe