IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FOR AR KIDS**                                                                                      **PLAINTIFF**

v.                                  Case No. 4:24-cv-00521-KGB

**TOWN OF ROSE BUD, ARKANSAS,** *et al.*                                   **DEFENDANTS**

### ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER

Before the Court is a motion for temporary restraining order filed by plaintiff For AR Kids (Dkt. No. 2). The Court conducted a hearing with all plaintiff and defendants Town of Rose Bud, Arkansas, and Mayor Shawn Gorham on the motion on June 20, 2024 (Dkt. No. 4). At the hearing, the Court heard argument from counsel for the parties regarding plaintiff's request for a temporary restraining order.

For the following reasons, the Court grants plaintiff's motion for temporary restraining order.

**I.  Findings Of Fact**

1. For AR Kids is a Ballot Question Committee organized under Arkansas Law in December 2023 with the purpose of placing its "Educational Rights Amendment of 2024" on the November 2024 ballot. The proposed amendment would amend Article 14 of the Arkansas Constitution to, among other things, require all schools receiving public funds to meet identical standards and would require universal access to pre-K education.

2. Defendant Town of Rose Bud ("the Town") is an incorporated town in White County, Arkansas. It is governed by Mayor, Shawn Gorham and a five-member Town Council.

3. In this case, plaintiff challenges the Town's ordinance No. 2024-03 passed and adopted by the Town on June 17, 2024.

4. The Town seeks to enforce Ordinance No. 2024-03 at its upcoming event "Summerfest" which takes place in a public park from June 20, 2024, at 4 p.m. until June 22.

5. The Ordinance was first introduced at a meeting of the Town Council on June 13, 2024, after a member of the Ballot Question Committee inquired about seeking petition signatures at Summerfest.

6. Mayor Gorham stated at the June 13, 2024, meeting that Summerfest is happy to host the speech of political parties, but not the speech of ballot question committees because "this is a family environment, there is nothing political about this, this is not the type of place that you want to come and get bombarded and asked to sign a petition and read about it or anything like that."  (Dkt. No. 2, at 9).

7. Mayor Gorham clarified that the canvassers could not totally be banned under the law.  He stated, "[i]t is not my belief that they should be out there, that they should be allowed to be out there, or what they're doing is right. . . . I want that known, because what's on their ballot, I don't think 98 percent of the town agrees with, but there's nothing we can do, except vote the right people out and the right people in in November." (*Id*.).

8. The Town passed Ordinance No. 2024-03 which provides in part that "any business or religious or political entity desiring to solicit business, membership or signature for any purpose will be required to rent a booth or spot as selected by the City of Rose Bud, Arkansas, at any such event from which and only from which such solicitation activities may be conducted."  (Dkt. No. 2, at 5)

9. Ordinance No. 2024-03 contained an emergency clause that permitted the ordinance to go into effect after its passage on June 17, 2024 (Dkt. No. 2, at 6).

10. Plaintiff applied to rent a booth on at Summerfest on Saturday, June 22, 2024. At the hearing, the parties agreed that plaintiff could maintain the booth that it rented throughout Summerfest from June 20-22, 2024.

11. At the hearing, defendants agreed that Ordinance No. 2024-03 does not regulate plaintiff from seeking signatures for its petition on public rights-of-way surrounding Summerfest including on Baseball Field Road and School Road.

12. Defendants maintain that plaintiff is prohibited from soliciting signatures for its petition on the Town-owned property immediately outside the Summerfest entrance because it is Town-owned property.

13. When asked at the hearing about the interplay between the Ordinance and the Vendor Rules & Regulations, defendants' counsel took the position that the Ordinance superseded the Vendor Rules & Regulations.

**II.     Analysis**

When determining whether to grant a motion for a temporary restraining order, this Court considers:  (1) the likelihood of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between the harm to the movant and the injury that granting an injunction would cause other interested parties; and (4) the public interest.  *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013) (quoting *Dataphase Sys. Inc. v. CL Sys.*, 640 F.2d 109, 114 (8th Cir. 1981)). Preliminary injunctive relief is an extraordinary remedy, and the party seeking such relief bears the burden of establishing the four *Dataphase* factors.  *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). The focus is on "whether the balance of the equities so favors the movant that justice requires the court to intervene to preserve the *status quo* until the merits are determined." *Id*

Plaintiff has established a likelihood of success on the merits based on the record before the Court.  To the extent a higher standard applies to this duly enacted ordinance, the Court determines that the higher standard of demonstrated success on the merits has been satisfied. Plaintiff has also established the threat of irreparable harm based on the First Amendment interests involved and plaintiff's inability to collect an adequate number of signatures before the July 5, 2024, deadline.  Based on the record before the Court at this stage in the proceedings, the balance of the equities favors protecting the plaintiff's First Amendment rights by granting the temporary restraining order.

Under Federal Rule of Civil Procedure 65(c), a district court may grant a temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  In these proceedings, defendants have neither requested security in the event this Court grants a temporary restraining order nor have they presented any evidence that they will be financially harmed if wrongfully enjoined.  Further, this Court does not perceive how defendants could be harmed by granting the request for temporary restraining order.  For these reasons, the Court declines to require security from plaintiff.

### III.  Conclusion

The Court determines that plaintiff has met its burden at this stage of the litigation and on the limited record before it to obtain a temporary restraining order against defendants and grants plaintiff's application for a temporary restraining order (Dkt. No. 2).  Defendants are enjoined from enforcing Ordinance No. 2024-03 and the vendor policy that restricts entities or individuals from collecting signatures in support of ballot-question petitions.  Pursuant to Federal Rule of Civil Procedure 65(b)(2), this temporary restraining order shall not exceed 14 days from the date of

entry of this order and shall expire by its own terms on July 4, 2024, at 4:25 p.m. unless the Court, for good cause shown, extends it.

SO ORDERED this 20th day of June, 2024, at 4:25 p.m.

_____
Kristine G. Baker
Chief United States District Court Judge